[No. 14917.   Department Two.   July 14, 1921.]

W. S. DOUGLASS, *Respondent*, v. TILLICUM DEVELOP-
MENT COMPANY, *Appellant*.[1]

PUBLIC LANDS (20)—POSSESSORY RIGHTS—TOWNSITES—ADVERSE
CLAIMS—AFFIDAVIT—SUFFICIENCY. The object of the Townsite Act
of Congress, March 2, 1867, and of Rem. Code, § 9469, for the pur-
pose of carrying the Federal act into effect, being for the benefit of
the occupant of the land at the time of entry, the failure of a claim-
ant to state in his affidavit of possessory rights who was the occu-
pant of the lots at the time of entry of such townsite, would not
be sufficient to defeat his title upon a contest by another, where the
evidence showed the former claimed directly under a conveyance
from one who was the occupant at the time of the townsite entry.

SAME (21)—TOWNSITES—RIGHTS ACQUIRED BY ENTRY. In a con-
test over lots under the Federal Townsite Act, where the court
found plaintiff and his predecessor in interest had been in exclusive
possession of all the lots, his failure to enclose some of the lots
would not affect his title thereto, where the court further found they
had been left unfenced for road and pasturage purposes.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered May 27, 1918, upon
findings in favor of the plaintiff, in an action to obtain
title to certain land, tried to the court.   Affirmed.

*W. C. Gresham*, for appellant.

*J. W. Graham*, for respondent.

MAIN, J.—The parties to this action are rival claim-
ants to certain lots or tracts of land in the government
townsite in Loomis, in Okanogan county.   The trial
resulted in findings of fact and conclusions of law and
judgment sustaining the plaintiff's claim of title. From
this judgment the defendant appeals.

No bill of exceptions or statement of facts has been
brought to this court and the case must therefore be

[1]Reported in 199 Pac. 451.

determined upon the findings. The essential facts as there stated may be summarized as follows: The government townsite of Loomis was entered in the manner and form provided by law on the 19th day of January, 1912. On the 17th day of February, 1912, the respondent entered into possession of the lands in controversy and ever since that date has been in actual and exclusive possession thereof. The respondent's predecessor in interest in the property had claimed, improved and resided upon the same for a period of sixteen years prior to the transfer to the respondent and at that time the improvements upon the property were of the value of about $3,000. On August 30, 1913, for the purpose of acquiring a certificate covering the lands in controversy the respondent filed an affidavit with the proper officer, which affidavit is made a part of the findings. Subsequently and on September 4, 1913, the appellant made a similar claim supported by affidavit, which is also made a part of the findings. The respondent's affidavit, among other things, states that he went

"into possession of said lots on February 17, 1912, and has ever since said time, been, and now is in the exclusive possession of said lots; that affiant and claimant is entitled to the possession of all of said lots and to a deed therefor, as against all other persons or claimants to the best of his knowledge and belief; that he is the occupant of all of said lot and was at the time of the entry of such townsite at the United States land office."

The appellant claims that this affidavit is defective in two respects: First, that it does not concisely state the facts constituting the possession or right to possession or occupancy of the land; and, second, that the findings of fact as made by the trial court show that the respondent was not in possession and had no

right to the possession of the lands at the time of the entry of the government townsite of Loomis.

On March 2, 1867, an act of Congress was approved which provided for the relief of inhabitants of cities and towns upon public lands. The legislature of this state in 1909, for the purpose of carrying out the objects of the Federal act, passed an act prescribing certain rules and regulations which claimants should conform to. Laws of 1909, p. 836, ch. 231, § 31 (Rem. Code, § 9469), of this act provides that every person claiming under it and the Federal act must within the time there specified present an affidavit to the officer named.

"in which must be concisely stated the facts constituting the possession or right of possession of the claimant and that the claimant is entitled to the possession thereof and to a deed therefor as against all other persons or claimants, to the best of his knowledge and belief, and in which must be stated who was an occupant of such lot or parcel of land at the time of the entry of such townsite at the United States land office . . ."

It will be observed that by this statute the affidavit should set out the facts constituting possession or the right to possession and also who was the occupant of the land at the time of the entry of such townsite.

It will be admitted that the act of Congress, as well as the state act, is for the benefit of the occupant of the land at the time of the entry. *Lockwitz v. Larson*, 16 Utah 275, 52 Pac. 279. The affidavit in question fails to state that the respondent claimed through another who was the occupant at the time of the entry of the townsite. To this extent at least the affidavit is defective. The trial court, however, found the fact to be that the respondent did claim directly under a conveyance from the one who was the occupant at

the time of the entry. There was here within the time prescribed an effort made in good faith to comply with the law with only a technical defect. It would be a harsh rule that would deprive the respondent of his property, including the improvements thereon, for failure to embody in his affidavit every detail required by the law when the findings of the court show a full compliance with the law.

This is not a case where there was no attempt within the required time to make a claim. Cases holding, therefore, that where there is no such attempt that the claimant's rights are gone are not here in point.

The appellant makes a claim that, according to the findings, three or four lots or parts thereof had never been fenced or enclosed by the respondent or his predecessor in interest. There is a further finding to the effect that the respondent and his predecessors never used the land for any purpose other than that of a roadway passing through the same and used a small portion as pasturage. In another place, as already pointed out, it is expressly found that the respondent since the date of entry into possession had continued in actual and exclusive possession of all of said lots and tracts of land and that he had made his home upon and constantly resided thereon and that the respondent's predecessor in interest had claimed, improved and resided upon the property for a period of sixteen years prior to the transfer to the respondent. Under these findings the appellant would not be entitled to that portion of the lots which had not actually been fenced or enclosed by the respondent or his predecessor.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.